**The below described is SIGNED.**

**Dated: March 08, 2006**

_____
**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**



_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH
### IN THE CENTRAL DIVISION

| | |
|---|---|
| In re: | |
| **Justin Tomasini,** | Bankruptcy Number 05-80115 |
| Debtor. | Chapter 13 |

### MEMORANDUM OPINION

The matter before the Court is the Court's consideration of confirmation of the Debtor's proposed chapter 13 plan. The precise issue before the Court is whether a Debtor who failed to carry his burden of showing that this case was filed in good faith under 11 U.S.C. § 362(c)(3) can obtain confirmation of a chapter 13 plan by showing good faith under 11 U.S.C. § 1325(a)(7). As this matter presents an issue of first impression in light of the Bankruptcy Abuse Protection and Consumer Protection Act ("BAPCPA"), the Court elects to issue this Memorandum Opinion which will constitute the Court's findings and conclusions for purposes of Bankruptcy Rule 7052.

Section 362(c)(3) requires a debtor who is a repeat-filer to show that he or she filed the present case in good faith "as to the creditors to be stayed." Likewise, § 1325(a)(7) requires a

debtor seeking confirmation of his or her chapter 13 plan to show that he or she filed the present case in good faith. Are these standards the same? Does a finding under § 362(c)(3) bind the debtor's confirmation? The Court concludes that the standards are similar but not identical. Thus, a debtor may obtain confirmation of his or her chapter 13 plan even though the Court previously denied a motion to extend the automatic stay under § 362(c)(3).

## I.   FACTUAL BACKGROUND

On November 17, 2005, Justin Tomasini filed the present chapter 13 bankruptcy case. This was his second bankruptcy filing within one (1) year. The prior case was dismissed on August 31, 2005. His prior case was dismissed several months earlier for failure to timely pay his chapter 13 plan payments. After filing the present case, Tomasini filed a Motion to Extend the Automatic Stay ("Motion to Extend").[1] This Court considered and denied that motion on December 12, 2005. In ruling on Tomasini's Motion to Extend, the Court applied a totality of the circumstances analysis as more fully outlined in this Court's decision in In re Galanis.[2]

At the hearing on the Motion to Extend, the Court first determined that under 11 U.S.C. § 362(c)(3)(C)(i)(II)(cc),[3] Tomasini was required to carry his burden under § 362(c)(3)(B) by clear and convincing evidence. In analyzing Tomasini's Motion to Extend, the Court considered the totality of the circumstances by looking to, among other things, seven factors discussed in

---

[1] Under 11 U.S.C. § 362(c)(3)(B), a debtor who has had a bankruptcy case pending and dismissed within one year of filing the present case receives only a 30 day automatic stay unless the debtor shows that he or she filed the present case "in good faith as to the creditors to be stayed."

[2] 334 B.R. 685 (Bankr. D. Utah 2005).

[3] All statutory references herein are to the U.S. Bankruptcy Code, unless stated otherwise.

2

Galanis.[4]  The Court held that Tomasini failed to carry his burden to show that he filed the present case in good faith as to all creditors by clear and convincing evidence as required by § 362(c)(3)(B).  Accordingly, the Court denied Tomasini's Motion to Extend, and the automatic stay in this case ended on December 17, 2005.

On January 31, 2006, Tomasini's chapter 13 plan came before the Court for an initial hearing on confirmation.  The chapter 13 Trustee objected to confirmation of Tomasini's plan, arguing that the Court had already determined, in considering the Motion to Extend, that Tomasini did not file this case in good faith.  Tomasini argued that the Court's ruling on a Motion to Extend is wholly unrelated to a determination of good faith for purposes of confirmation.

## II.   JURISDICTION AND VENUE

Jurisdiction over this matter is proper under 28 U.S.C. § 157(b)(2)(L).  Venue is appropriate under 28 U.S.C. § 1409(a).

## III.  THE STANDARD APPLICABLE TO § 1325(a)(7)

Section 362(c)(3)(B) requires a party advocating a Motion to Extend to show that the debtor filed the present case "in good faith as to the creditors to be stayed."  Similarly, § 1325(a)(7) requires that a court may confirm a chapter 13 plan only if the court finds that "the action of the debtor in filing the petition was in good faith."  In both a Motion to Extend and a

---

[4]In Galanis, the Court determined that in considering Motions to Extend, it would flesh out a totality of the circumstances test by looking to: 1) the timing of the present petition; 2) how the debts at issue arose; 3) the debtor's motive in filing the present case; 4) how the debtor's actions affected creditors; 5) why the debtor's prior case was dismissed; 6) the likelihood that the debtor will be able to fund their bankruptcy case; and 7) whether any parties in interest object. 334 B.R. at 693.

Motion to Confirm a Chapter 13 Plan, the burden to show good faith is on the debtor. The Court is faced with the question of whether the Court's denial of a Motion to Extend constitutes a determination that the debtor is not entitled to confirmation under § 1325. The Court determines that the inquiry underlying a Motion to Extend is different from that of confirmation.

> A.  Under The Clear Language of the Code, a Good Faith Decision on a Motion to Extend is not equivalent to a Discussion at Confirmation:

In the Tenth Circuit, questions of good faith are governed by a totality of the circumstances test.[5] Often, courts look to specific factors in determining good faith under the totality of the circumstances.[6] Recently, in Galanis, this Court discussed seven (7) non-exhaustive factors for determining, for purposes of a Motion to Extend, whether a debtor filed their bankruptcy case in good faith.[7] As the inquiry under § 1325(a)(7) also requires a determination of good faith at the time of filing, it seems clear that this inquiry is also governed by a totality of the circumstances test. The real question is whether the Court's analysis under this totality of the circumstances test is the same as that under a Motion to Extend. To answer this question, the Court must apply traditional tools of statutory interpretation.

In interpreting a statute, the Court must first look to the language of the statute, considering the context of that language.[8]  "It is generally presumed that Congress acts

---

[5] Flygare v. Boulden, 709 F.2d 1344 (10th Cir. 1983); Gier v. Farmers State Bank of Lucas (In re Gier), 986 F.2d 1326 (10th Cir. 1993).

[6] See Flygare, 709 F.2d at 1347 (discussing eleven factors to consider in determining whether a debtor filed a chapter 13 plan in good faith); see also Gier, 986 F.2d at 1329 (discussing seven factors to consider in determining whether a debtor's case should be dismissed or converted for bad faith).

[7] 334 B.R. at 693.

[8] U.S. v. Thompson, 287 F.3d 1244, 1249 (10th Cir. 2002).

4

intentionally and purposefully when it includes particular language in one section of a statute but omits it in another."[9]  Although the language of § 362(c) is similar to § 1325(a)(7), these provisions are not identical.  Section 362(c)(3)(B) requires a showing that the debtor filed "in good faith *as to the creditors to be stayed.*" (emphasis added).  Section 1325(a)(7) requires a showing that the debtor filed "in good faith."  Missing from the latter provision is any mention of creditors.  General notions of statutory interpretation lead the Court to conclude that Congress intentionally omitted any reference to creditors from the good faith analysis of § 1325(a)(7).  Thus, the clear language of the Code infers that the standards under these two provisions differ.

This conclusion is supported by an analysis of the framework of these two provisions.  In looking at the clear language of a statute, a court interpreting a statute should also consider the "language and design of the statute as a whole."[10]  To consider the context of the good faith requirements under §§ 362(c)(3)(B) and 1325(a)(7), the Court must look not just to the specific requirements of good faith, but to all the provisions of these sections.

Section 362(c)(3) states:

"if a single or joint case is filed by or against debtor [sic] who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding year period but was dismissed...-
    (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

---

[9]BFP v. Resolution Trust Corp., 511 U.S. 531, 537 (1994) (quoting Chicago v. Environmental Defense Fund, 511 U.S. 328, 338 (1994)); Gozlon-Peretz v. United States, 498 U.S. 395, 404 (1991) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.")

[10]Sullivan v. Stroop, 496 U.S. 478, 482 (1990)(quoting K Mart Corp. v. Cartier, Inc., 486 U.S. 281, 291 (1988)).

5

> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period *only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed*;..." (Emphasis Added).

Section 1325(a) states:

"Except as provided in subsection (b), the court shall confirm a plan if -

> [...]
>
> (3) the plan has been proposed in good faith and not by any means forbidden by law;
>
> [...]
>
> (7) *the action of the debtor in filing the petition was in good faith*;
> (8) the debtor has paid all amounts that are required to be paid under a domestic support obligation, and that first become [sic] payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation; and
> (9) ...For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of petition, and the collateral for that debt consists of a motor vehicle (as defined in section 3020 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing." (Emphasis Added).

At first glance, the terms of § 1325(a)(7) seem to echo those of § 362(c)(3)(B). But these two provisions are substantially dissimilar in their context.

The entirety of § 362(c)(3) indicates a focus on a debtor's creditors. By providing a debtor with an automatic stay lasting for 30 days only, § 362(c)(3) serves as a boon to

6

creditors.[11] Further, a debtor seeking approval of a Motion to Extend must carry his or her burden of showing that the filing was in good faith with respect to each creditor to be stayed.[12] Thus, the focus of a good faith analysis under § 362(c)(3) must consider a creditor's perspective.

Bankruptcy courts have recognized this notion in applying a totality of the circumstances test to determine whether debtors filed in good faith for purposes of Motions to Extend. In In re Montoya, the court denied a Motion to Extend even though the court found that the filing was motivated by "a desire to repay her creditors rather than eliminating debt."[13] Nevertheless, the Montoya court denied the Motion to Extend, in large part because of the debtor's prior treatment of creditors.[14] In In re Collins, the Bankruptcy Court for the Southern District of Texas recently stated that "[b]eing a good father and a hard worker is not enough under § 362(c)(3)(C). Indeed, if those were the standards, this Debtor might qualify for an extension of the stay. The Debtor fails to establish that this case was filed in good faith as to the creditors to be stayed pursuant to the statutory requirements. It is for this reason alone that the stay must terminate. . .."[15]

In contrast to § 362(c)(3), the context of the good faith analysis under § 1325 seems to place far more emphasis on the nature of the debtor. For a court to confirm a chapter 13 plan,

---

[11]See In re Collins, 334 B.R. 655, 658 (Bankr. D. Minn. 2005) ("Clearly the Act's largess under these provisions inures to creditors. . . In a successor case, they clearly are the beneficiaries of the curtailment of the automatic stay that otherwise was structured by §§ 362(a) and 362(c)(1)-(2)").

[12]Id. at 659 (holding that a Motion to Extend must be served on each creditor to be stayed because the debtor has a burden to show good faith as to each creditor).

[13]333 B.R. 449, 459 (Bankr. D. Utah 2005) (Boulden, J.).

[14]Id. at 460 (stating that "[t]he component which weighs most heavily against the Debtor...is her treatment of creditors both before and after the petition was filed").

[15]335 B.R. 646, 654 (Bankr. S.D. Tex. 2005).

the court must find that the debtor and the plan meets each of the nine (9) requirements set forth in § 1325(a). Five (5) of the nine requirements discuss things that the debtor must do to be eligible for confirmation.[16] These factors look not to creditors, but objectively to whether the debtor has or has not taken specific action.

An additional two (2) of the nine requirements for confirmation require the Court to determine the debtor's good faith at different stages of the bankruptcy case. Section 1325(a)(3) looks to whether the debtor is proposing the chapter 13 plan in good faith. The Court's analysis under § 1325(a)(3) is governed by eleven non-exclusive factors.[17] These factors are primarily focused on the debtor's objective actions in bankruptcy. Consideration for the creditors' interests are ancillary in the Court's analysis under § 1325(a)(3). Section 1325(a)(7), asking the Court to determine good faith at the time of filing the good faith test, is the subject of this opinion.

---

[16]Sections 1325(a)(1) - (2) look to whether the plan complies with other provisions of the Code and whether the debtor has paid all applicable fees. Section 1325(a)(4) looks, objectively, to whether the plan proposes to return to unsecured creditors at least as much as would be returned in chapter 7. Section 1325(a)(6) asks whether the proposed plan will be feasible. Finally, section 1325(a)(8) requires the debtor to pay certain support obligations. These are all objective questions that focus only on the debtor and the proposed plan from an objective perspective.

[17] The eleven factors are as follows: "1) the amount of the proposed payments and the amount of the debtor's surplus; 2) the debtor's employment history, ability to earn and likelihood of future increases in income; 3) the probable or expected duration of the plan; 4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are in an attempt to mislead the court; 5) the extent of preferential treatment between classes of creditors; 6) the extent to which secured claims are modified; 7) the type of debt sought to be discharged and whether any such debt is non-dischargeable in Chapter 7; 8) the existence of special circumstances such as inordinate medical expenses; 9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act; 10) the motivation and sincerity of the debtor in seeking Chapter 13 relief; and 11) the burden which the plan's administration would place upon the trustee." Flygare, 709 F.2d at 1347.

8

The final two (2) requirements for confirmation look specifically to creditors. Each of these requirements are specific and detailed.

Section 1325(a)(5) provides specific protections for secured creditors. Under this provision, a chapter 13 plan treating a secured creditor must: 1) obtain the creditor's consent; or 2) provide for the creditor's retention of a lien on the debtor's property throughout the life of the plan, and provide for payment in full through the plan of the creditor's claim; or 3) surrender the property.

Section 1325(a)(9), the "anti-cramdown" provision, provides specific and detailed protections to creditors with purchase money security interests. It requires that a chapter 13 plan may not "strip-down" a secured creditor's claim where the claim is secured by a purchase money security interest, and: 1) the security interest is in a motor vehicle purchased within 910 days of filing acquired for the personal use of the debtor; or 2) the security interest is in "any other thing of value" purchased within 1 year of filing.

Considering the entirety of § 1325(a), it thus appears that the requirements for confirmation of a chapter 13 plan contained in this section should be interpreted with a focus on the debtor. The majority of the requirements in § 1325(a) require the Court to consider the debtor's actions. The only two provisions of § 1325(a) which require a court to focus on creditors are detailed and specific in breadth. Thus, the Court determines that it should apply the provisions of § 1325(a) with a focus on the debtor only unless a different focus is clearly required.

In light of this statutory analysis, the Court determines that it may approach its finding of good faith under § 1325(a)(7) by focusing primarily on the debtor. This contrasts with the

9

Court's analysis under § 362(c)(3), which requires a focus on creditors. Accordingly, the Court determines that in determining whether a debtor filed in good faith, a court should apply the totality of the circumstances test differently depending on whether the motion at issue is a Motion to Extend or a motion to confirm a chapter 13 plan.

B.  This Result is Confirmed by the Cohesion of the Code:

In addition to analysis of the statutory text, the Court should also consider the entire framework and cohesion of the Bankruptcy Code.[18] A consideration for the statutory framework of the Bankruptcy Code confirms the Court's interpretation of the clear language discussed above. The Court would reach an awkward result if it interpreted the standards under §§ 362(c)(3)(B) and 1325(a)(7) as identical.

If the Court were to hold that a denial of a Motion to Extend bars the debtor's future confirmation, a debtor would most likely have an incentive to argue that his or her Motion to Extend is governed by the clear and convincing evidence standard. Generally, a party's burden of proof and persuasion under the Bankruptcy Code is the 'preponderance of the evidence' standard.[19] Section 362(c)(3)(C) requires a debtor to carry his or her burden to show good faith in a Motion to Extend by clear and convincing evidence if the debtor meets specific criteria.[20] A rational debtor would usually prefer to be subject to the lower 'preponderance of the evidence' burden of proof, rather than the 'clear and convincing evidence' standard. Thus, it seems clear

---

[18]See Kawaauhau v. Geiger, 523 U.S. 57, 61-2 (1998) (stating that "we are hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law" (citations omitted)).

[19]Galanis, 334 B.R. at 692.

[20]Id.

that Congress added § 362(c)(3)(C), a provision imposing the 'clear and convincing' standard on a Motion to Extend in certain circumstances, as a punishment to debtors who satisfy one of the elements discussed by that provision.

But if the good faith analyses under §§ 362(c)(3) and 1325(a)(7) were identical, a debtor who was subject to the higher burden of proof of clear and convincing evidence under § 362(c)(3) could still go forward to confirmation even if the Motion to Extend were denied. If the Court denied the Motion to Extend, the debtor could point out that the burden governing the Motion to Extend was 'clear and convincing evidence,' whereas the burden to show good faith under § 1325(a)(7) would be by 'a preponderance of the evidence.' Thus, where the debtor faced the 'clear and convincing evidence' standard for a Motion to Extend, the Court's denial of the motion would not bar confirmation.

But if the debtor was 'fortunate' enough to have only a burden of 'a preponderance of the evidence' in a Motion to Extend, the Court's denial of that motion *would* bar confirmation if the analyses under §§ 362(c)(3) and 1325(a)(7) were identical. The debtor could not point to the difference between the 'clear and convincing evidence' standard and the 'preponderance of the evidence standard.' Thus, a debtor facing the clear and convincing evidence standard for a Motion to Extend might fair better in the long run than a debtor facing the preponderance of the evidence standard.

This result is impractical. When faced with a choice between the 'clear and convincing evidence' burden and the 'preponderance of the evidence' burden, a debtor would normally prefer the lower burden of a preponderance of the evidence. But under the situation discussed above, a risk-averse debtor would most likely prefer the 'clear and convincing evidence' burden.

11

The risk-averse debtor would likely prefer not to hinge his or her entire opportunity for confirmation on the success of a Motion to Extend, brought within 30 days of filing.[21]  Rather, the debtor would likely prefer to have his or her Motion to Extend denied, but still have an opportunity to develop a chapter 13 plan and proceed to confirmation.

One is left to wonder: If Congress intended this unusual result, why is there no new provision in the Code specifically illuminating that intent?  It seems clear to this Court that Congress did not intend the decision of § 362(c)(3) to bind a later decision for plan confirmation under § 1325(a)(7).  The Court believes that the better reading of the Code and of these provisions is that §§362(c)(3) and 1327(a)(7), although both governed by a totality of the circumstances test, are not governed by *identical* analyses.  The language of these provisions, along with the framework of the Bankruptcy Code support this conclusion.

C.     Totality of the Circumstances Test:

In Galanis, the Court discussed seven (7) factors which should guide the Court's analysis for considering a Motion to Extend.[22]  The Court arrived at these factors by looking to elements that are typically relevant in determining a debtor's good faith *at the time of filing*.[23]  These factors on their own are not focused either on the debtor or on creditors.  Rather, the Court honors the necessary focus of § 362(c)(3) by analyzing each of the Galanis factors with an

---

[21]See Galanis, 334 at 690, n.5 (stating that the Court "believes it prudent to issue a ruling on motions to extend the automatic stay within the 30 day period from the debtor's petition").

[22] 334 B.R. at 693.

[23]Id. (electing not to include some traditional good faith factors which look to the debtor's actions after filing for bankruptcy. The Court noted the distinction between a good faith determination at the time of proposing a plan, and a determination at the time of filing the petition).

emphasis on the perspective of creditors. As the Galanis factors are not designed with a specific emphasis, they are appropriate considerations for the Court's analysis of the debtor's good faith at the time of filing the petition, under either § 1325(a)(7), or § 362(c)(3).

Under Galanis, the Court considers the totality of the circumstances to determine whether the debtor filed in good faith by looking to: "1) the timing of the petition; 2) how the debt(s) arose; 3) the debtor's motive in filing the petition; 4) how the debtor's actions affected creditors; 5) why the debtor's prior case was dismissed; 6) the likelihood that the debtor will have a steady income throughout the bankruptcy case, and will be able to properly fund a plan; and 7) whether the Trustee or creditors object."[24]

As these factors are only helpful in aiding the Court's totality of the circumstances analysis, the Court should recognize that the focus of § 1325(a)(7) is on the debtor by shifting the emphasis of some of the Galanis factors.

The most probative Galanis factor to the debtor's good faith at the time of filing, from the perspective of the debtor, is the debtor's subjective motive. Accordingly, the Court will analyze § 1325(a)(7) by looking first to whether the debtor filed the present case with a good faith motive, from his or her own perspective. This inquiry must recognize that a debtor's subjective motive can be considered good faith or bad faith depending on the perspective of the Court's analysis. A debtor who files for bankruptcy relief to stop foreclosure on his or her home may be filing in good faith as to the debtor, but not necessarily as to the foreclosing creditor. Whereas the Court should recognize the creditor's perspective in a Motion to Extend, it must look to the debtor's perspective when considering whether to confirm a chapter 13 plan. As another

---

[24]Id.

example, a debtor who files for bankruptcy relief to discharge or remove a judgment lien may be filing in good faith as to the debtor, but not as to the judgment creditor. The debtor's motivation to pay as much to the judgment creditor as possible would constitute good faith from the debtor's perspective. Nevertheless, the creditor might reasonably conclude that the debtor did not file in good faith, as the end result of bankruptcy will be to discharge or remove the judgment lien. Accordingly, the Court should primarily consider the debtor's perspective in considering whether to confirm a chapter 13 plan.

On the other hand, if the Court determines that the debtor's motive in filing for bankruptcy, from the debtor's perspective, is not in good faith, the Court's inquiry must end and the Court must deny confirmation. The remaining <u>Galanis</u> factors, while still relevant to whether the debtor filed in good faith, will not be as significantly probative as the debtor's subjective motivation. Thus, if a debtor cannot even show that he or she had a good faith motivation in filing, the Court should not even consider the remaining <u>Galanis</u> factors in determining whether the debtor's plan should be confirmed. A debtor who cannot show a good faith motivation from his or her own perspective in filing the case, should not have a case confirmed.

As always, it will not be sufficient for a debtor to prove his or her motivation by simply stating that it was in good faith. The Court will necessarily look to the evidence surrounding the debtor's filing for corroboration of the debtor's proffered motivation.[25]

---

[25] This analysis of good faith under § 1325(a)(7) is not limited to the Court's review of a case where the Court has denied a Motion to Extend. Rather, the Court's analysis under this decision will apply to the Court's review of all plans seeking confirmation. From a practical standpoint, however, it is unlikely that the Court will need to conduct lengthy evidentiary hearings on the debtor's good faith for every case seeking confirmation. As with the Court's obligation to find that a debtor has proposed a plan in good faith under § 1325(a)(3), the Court will apply the requirements of this decision to a debtor's case only where the Court has

**IV.    SECTION 1325(A)(7) AS APPLIED TO MR. TOMASINI**

On December 12, 2005, the Court denied Tomasini's Motion to Extend, holding that he failed to carry his burden by clear and convincing evidence. As discussed above, the Court's December 12 determination is not binding on the Court in determining whether he filed this case in good faith under § 1325(a)(7). The Court should apply a totality of the circumstances analysis to Tomasini's case, paying close attention to his motivation in filing, from Tomasini's perspective.

At the January 31, 2006 hearing on confirmation of Tomasini's plan, counsel for Tomasini failed to present evidence or argument as to his specific motivation for filing this bankruptcy case. Tomasini's Motion to Extend, states only that "Debtor's case is filed in good faith in an effort to pay creditors." This is an insufficient basis upon which the Court can make a specific finding of Tomasini's good faith motivation in filing this case. The Court will continue this confirmation hearing. At the next haring, Tomasini should be prepared to state a particular motivation for filing this bankruptcy case, and be prepared to submit evidence corroborating this motivation.

**V.    CONCLUSION**

The hearing on confirmation of Tomasini's proposed chapter 13 plan is CONTINUED. A separate order accompanies this Memorandum Decision.

---

previously denied a Motion to Extend, where a party in interest objects to confirmation, or where the Court has its own concerns about the debtor's eligibility for confirmation.